UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**NORMAN KENNEDY BAYNARD, JR.,**

    Petitioner,

v.

    Criminal No. 2:15cr136
    Civil No. 2:20cv297

**UNITED STATES OF AMERICA,**

    Respondent.

## OPINION AND ORDER

This matter is before the Court on Petitioner Norman Kennedy Baynard Jr.'s ("Petitioner") motion to vacate his sentence pursuant to 28 U.S.C. § 2255, filed with the assistance of counsel. ECF No. 60. Relying on postconviction Supreme Court case law, Petitioner contends that his conviction for being a felon in possession of a firearm should be vacated because he was not informed when he pled guilty that the Government had to prove that he knew he was a felon when he committed the offense. Because Petitioner has procedurally defaulted on his claim and cannot demonstrate actual innocence or cause and prejudice to excuse his default, Petitioner's motion is **DISMISSED** as procedurally defaulted.

### I. BACKGROUND

In June of 2015, Norfolk Police conducted multiple undercover purchases of heroin and cocaine from Petitioner, a convicted felon.

ECF No. 28, at 1. During two of those purchases, Petitioner possessed a firearm. Id. After obtaining a warrant to search Petitioner's home, officers found cocaine, heroin, packaging materials, digital scales, and seven firearms in Petitioner's bedroom. Id. In light of his conduct, a grand jury returned a five-count indictment against Petitioner, charging him with three counts of distribution and possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). ECF No. 13.

On May 11, 2016, Petitioner entered into a plea agreement with the Government and pled guilty to the § 922(g) count (being a felon in possession of a firearm). ECF No. 27, at 1. In exchange, the Government agreed to dismiss the remaining counts in the indictment. Id. At the plea hearing, the Court provided Petitioner with the following instruction:

> In order to convict you [for violating 18 U.S.C. § 922(g)(1)], the government would have to prove each of the essential elements of the crime beyond a reasonable doubt. Therefore, the government would have to prove that, here in the Eastern District of Virginia, one, you knowingly possessed a firearm; two, which was shipped or transported in interstate or foreign commerce, and three, that you were previously convicted [of] a felony; that is, a crime punishable by imprisonment for a term exceeding one year.

2

ECF No. 55, at 10. Although the Court instructed Petitioner that the Government had to prove that he knowingly possessed a firearm, the Court did not instruct Petitioner that the Government had to prove that he knew he was a felon (i.e., convicted of a crime punishable by a term of imprisonment exceeding one year), as controlling law did not recognize such element at the time, see United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995).

However, several years later—after Petitioner was sentenced to 235 months' imprisonment[1]—the Supreme Court held that the Government did have to prove that a defendant knew he was a felon in order to convict him under § 922(g). Rehaif v. United States, 139 S. Ct. 2191, 2194 (2019). In light of Rehaif, Petitioner filed the instant § 2255 motion challenging the validity of his guilty plea. ECF No. 60. The Government filed a brief in opposition, ECF No. 65, and Petitioner filed a reply, ECF No. 68. Months later, the Government filed a "Notice of Supplemental Authority" directing the Court's attention to new case law relevant to Petitioner's motion. ECF No. 69.

## II. STANDARD OF REVIEW

A federal prisoner may collaterally attack his sentence or conviction by moving the district court "to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To obtain such

---

[1] Due to his criminal history, Petitioner qualified as an armed career criminal under the Armed Career Criminal Act and was thus required to serve a mandatory minimum sentence of 15 years. See 18 U.S.C. § 924(e).

3

relief, a petitioner must prove by a preponderance of the evidence (1) that his sentence or conviction was "imposed in violation of the Constitution or laws of the United States," (2) that the district court "was without jurisdiction to impose such sentence," (3) that the sentence exceeds "the maximum authorized by law," or (4) that the sentence or conviction is "otherwise subject to collateral attack." Id.; Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). Because a § 2255 motion "is ordinarily presented to the judge who presided at the original conviction and sentencing[,] . . . . the judge's recollection of the events at issue" may inform the resolution of the motion. Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

While a § 2255 motion enables a petitioner to collaterally attack his sentence or conviction by initiating a new proceeding, the existence of the right to pursue a collateral attack does not displace a direct appeal as the "usual and customary method of correcting trial errors." United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999). On the contrary, with limited exceptions, a petitioner advancing new claims asserted for the first time in a § 2255 motion "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). The "higher hurdle" applies because, once a petitioner's opportunity to pursue a direct appeal has been waived or exhausted, there is "a final judgment [that] commands

4

respect." Id. at 165-66. For this reason, the doctrine of procedural default generally prevents a district court from reaching the merits of a § 2255 claim that could have been raised on direct appeal unless a petitioner can show two things: (1) "cause" excusing the failure to directly appeal the alleged error; and (2) "actual prejudice" resulting from the alleged error. United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). Alternatively, a petitioner may overcome his default by demonstrating "actual innocence." Id.

"The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010) (quoting Mikalajunas, 186 F.3d at 493) (internal quotation marks omitted). As for prejudice, it is not enough for a petitioner to demonstrate "a possibility of prejudice"; rather, he must show that errors caused an "actual and substantial disadvantage," infecting the entire criminal proceeding with an "error of constitutional dimensions." Frady, 456 U.S. at 170.

### III. DISCUSSION

Relying on Rehaif, Petitioner moves to vacate his § 922(g) conviction because he was not informed when he pled guilty that the Government had to prove that he knew he was a felon. See ECF No. 60, at 1-2. The Government concedes that Rehaif is retroactive

5

on collateral review,[2] but it contends that Petitioner procedurally defaulted his Rehaif claim because he did not raise it before this Court or on direct appeal.[3] ECF No. 65, at 5-6. The Court agrees, and thus the burden shifts to Petitioner to overcome his procedural default—either by demonstrating actual innocence or cause and prejudice. See United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012) (indicating that the burden to overcome a procedural default rests with the "person attacking his conviction").

As to actual innocence, Petitioner must "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995)) (internal

---

[2] For motions based on newly recognized rights, a petitioner must file his § 2255 motion within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right is newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Here, the Supreme Court decided Rehaif on June 21, 2019, and Petitioner filed his § 2255 motion on June 15, 2020. See ECF No. 60. Therefore, Petitioner filed his motion on time.

[3] The Government also raises two ancillary concerns with Petitioner's § 2255 motion: (1) that Petitioner's motion was not signed under the penalty of perjury by Petitioner or a person authorized to sign on his behalf, see Rules Gov. § 2255 Proc. for U.S. Dist. Cts. 2(b)(5); and (2) that Petitioner's habeas counsel, the Federal Public Defender Office ("FPD"), also represented Petitioner when he pled guilty, creating a potential conflict of interest because Petitioner may want to raise an ineffective assistance of counsel claim. ECF No. 65, at 3-5. The Court rejects both concerns. First, attorneys for the movant are authorized to sign on behalf of a movant. Rules Gov. § 2255 Proc. for U.S. Dist. Cts. 2(b)(5), Advisory Committee Notes, 2004 Amend. Second, Petitioner has provided the Court with a sworn statement approving the motion the FPD filed, ECF No. 68-1, and as noted above, such motion was filed days before the Rehaif deadline expired, thereby preserving Petitioner's rights. Third, Petitioner's conviction became final in 2017, so any ineffective assistance of counsel claim was almost certainly time barred by the time the FPD filed for Rehaif relief in 2020. See 28 U.S.C. § 2255(f)(1).

quotation marks omitted). Because actual innocence "means <u>factual innocence</u>, not mere legal insufficiency," the Government is permitted to supplement the record with "any admissible evidence of [the] petitioner's guilt even if that evidence was not presented during petitioner's plea colloquy." <u>Id.</u> at 623-24 (emphasis added). Here, Petitioner has not presented any evidence that would support a claim of actual innocence, whereas the Government has provided the Court with state court documents demonstrating that Petitioner knew he was a felon when he committed the instant offense. <u>See, e.g.</u>, ECF No. 63-2, at 3, 6 (two state probation documents signed by Petitioner explicitly stating that Petitioner was convicted of a felony offense). In addition, Petitioner's criminal history (as articulated below) removes any doubt that Petitioner knew he was a felon when he possessed the firearm. Thus, Petitioner has failed to demonstrate actual innocence.

Turning to cause and prejudice, the Court need not address whether Petitioner has shown cause because the record clearly establishes that Petitioner has not suffered actual prejudice from the Court's <u>Rehaif</u> error. <u>See</u> <u>Frady</u>, 456 U.S. at 168 (declining to address cause because the petitioner could not show prejudice). To establish prejudice from an error in a plea proceeding, a petitioner must show that there is a reasonable probability that, but for the error, he would not have pled guilty. <u>See</u> <u>Merritt v. United States</u>, 499 F. Supp. 3d 249, 259 (E.D. Va. 2020). For

7

Rehaif errors in particular, it is "difficult" to make such a showing if the petitioner "was in fact a felon." Greer v. United States, 141 S. Ct. 2090, 2097 (2021) ("If a person is a felon, he ordinarily knows he is a felon."); Merritt, 499 F. Supp. 3d at 260 (holding that the record clearly established that defendant knew he was a felon and thus suffered no prejudice). Here, not only was Petitioner clearly a felon at the time he committed the instant offense, but it is plainly evident that he knew he was a felon.[4] Indeed, Petitioner had at least eight felony convictions before he committed the instant offense, and he served several multi-year prison sentences for such offenses, including a five-year sentence from 1995 to 2000 and an 8.5-year sentence from 2004 to 2013. See ECF No. 45, at 7-24, 32. On top of that, before his offense conduct here, Petitioner was convicted three times for being a felon in possession of a firearm. Id. at 16, 20, 23. On this record, it is abundantly clear that Petitioner knew he was a felon when he possessed the firearm.

Despite this record evidence, Petitioner contends that he is entitled to vacatur of his plea without a showing of prejudice

---

[4] The Court acknowledges that Defendant's competence to stand trial was evaluated due to his history of substance abuse and its impact on his mental health. ECF No. 19. However, the Court, on the recommendation of the forensic psychologist that evaluated Defendant, concluded that Defendant was indeed competent. ECF Nos. 21, 23. The Court also notes that Defendant graduated from high school, joined the Navy, and attended community college before committing the instant offense. ECF No. 45, at 31, 33. Such facts demonstrate that Defendant did not lack the capacity to know that he was a felon when he possessed the firearm.

because the Fourth Circuit held in United States v. Gary, 954 F.3d 194, 198 (4th Cir. 2020), that a Rehaif error is a "structural error." ECF No. 68, at 13. But the Supreme Court recently reversed Gary, holding that a Rehaif error in a plea colloquy is not a structural error and therefore prejudice is required. Greer, 141 S. Ct. at 2100. In light of Greer, Petitioner's structural error argument fails, and absent any evidence from Petitioner negating the record evidence above, the Court finds that Petitioner has failed to demonstrate prejudice from the Rehaif error.

## IV. CONCLUSION

Because Petitioner did not raise his Rehaif claim in this Court or on direct review, Petitioner has procedurally defaulted his claim. And because Petitioner has not demonstrated actual innocence or cause and prejudice, Petitioner cannot overcome his procedural default. Accordingly, Petitioner's § 2255 motion, ECF No. 60, is **DISMISSED** as procedurally defaulted.

Finding that the procedural basis for the dismissal of Petitioner's § 2255 motion is not debatable, a certificate of appealability is **DENIED**. See 28 U.S.C. § 2253(c); Rules Gov. § 2255 Proc. for U.S. Dist. Cts. 11(a); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner is **ADVISED** that because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. Fed. R. App. P.

22(b); Rules Gov. § 2255 Proc. for U.S. Dist. Cts. 11(a). If Petitioner intends to seek a certificate of appealability from the Fourth Circuit, he must do so **within sixty (60) days** from the date of this Opinion and Order. Petitioner may seek such a certificate by filing a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.

The Clerk is **REQUESTED** to send a copy of his Opinion and Order to counsel for Petitioner and counsel for the Government.

**IT IS SO ORDERED.**

/s/ Mark S. Davis
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 31, 2022